Case 2:20-cv-00033   Document 14   Filed on 04/02/20 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
April 03, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOHN T. PATRICK, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:20-CV-33 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is currently incarcerated at the McConnell Unit in Beeville, TX. Petitioner filed this petition pursuant to 28 U.S.C. § 2254 on January 9, 2020, challenging August 14, 2019 disciplinary convictions for engaging in aggressive acts which resulted in commissary and recreation restrictions, modifications to his line class status, and the loss of previously earned good-time days. (D.E. 1, Page 5).

Petitioner seeks to proceed *in forma pauperis* ("IFP"). (D. E. 9). Petitioner's application to proceed IFP is **GRANTED**. (D.E. 9). However, preliminary examination of Petitioner's application for a writ of habeas corpus reflects that summary dismissal is appropriate. *See* Rule 4, Rules Governing Section 2254 Cases (Federal Courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief). Therefore, for the reasons stated below, the undersigned **RECOMMENDS** Petitioner's application for habeas corpus relief be **DISMISSED** and a Certificate of Appealability be **DENIED**.

Rule 4 of the Rules Governing Section 2254 Cases provides authority to summarily dismiss frivolous habeas petitions upon preliminary review, prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Specifically, the rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254, Rule 4. This power of the district court is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Kiser*, 163 F.3d at 328 (quoting 28 U.S.C. § 2254 Rule 4 Advisory Committee Notes).

In his petition, Petitioner acknowledges he is not eligible for mandatory supervision. (D.E. 1, Page 5). Petitioner is serving a thirty-year sentence for an aggravated robbery conviction entered on July 27, 2016 in Harris County, Texas. (Case No. 2:18-cv-459, D.E. 11, Page 2; and Case No. 19-cv-65, D.E. 16, Page 2; Tex. Gov't Code Ann. §508.149(a)(12) (stating an inmate may not be released to mandatory supervision if the inmate has been convicted of aggravated robbery under Section 29.03, Penal Code (Aggravated Robbery); *State of Texas v. Patrick*, No. 14-21531, 178th Dist. Ct., Harris County, Tex. July 27, 2016) (Judgment) (Aggravated Robbery with a Deadly Weapon)).[1]

---

[1] Contrary to Petitioner's assertion in his petition, he was found guilty of using and/or exhibiting a deadly weapon during the commission of the robbery and was convicted of aggravated robbery. (D.E. 1, Page 5).

Federal habeas corpus petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) & § 2254(a); *Brecht v. Abrahamson* 507 U.S. 619, 633-34 (1993). In prison disciplinary hearings, prisoners are only entitled to due process guarantees when the hearing may result in sanctions that infringe on constitutionally protected interests. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). These interests are generally limited to sanctions that affect the *quantity* of time served by a prisoner, not the condition. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Therefore, to state a claim for federal habeas corpus relief, Petitioner must show he was denied due process in a disciplinary action which resulted in sanctions affecting the duration of his sentence. The loss of good-time credits does not support a constitutional claim if the inmate is not eligible for mandatory supervision and therefore, such an inmate would not have a claim for federal habeas relief. *Arnold v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002). Further, privilege and recreation limitations and adjustments to a prisoner's classification also do not implicate due process. *Madison*, 104 F.3d at 768; *see also Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000).

As Petitioner is not eligible for mandatory supervision, he has failed to state any grounds for federal habeas relief. To the extent Petitioner asserts his line class status affects his ability to appear before the parole board, the restrictions on Petitioner are mere changes in conditions of confinement and do not pose significant hardships beyond the ordinary incidents of prison life. *See Madison*, 104 F.3d at 768. Release on parole is

entirely speculative, therefore, there is no constitutional expectancy of parole in Texas. *Id.* As such, sanctions imposed on Petitioner, including a reduction in line class, do not implicate due process concerns and do not require federal habeas corpus relief. *See Luken v. Scott*, 71 F.3d 192, 193-195 (5th Cir. 1995) (changes to line classification are not challengeable in federal habeas corpus as the "mere opportunity to earn good-time credits [does not] create a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause"); *see also Malchi*, 211 F.3d at 957-58 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their *previously earned* good-time credit). Therefore, it is respectfully recommended that Petitioner's application for habeas corpus relief be **DISMISSED**.

It is further recommended that a Certificate of Appealability be **DENIED** as reasonable jurists could not debate the dismissal or denial of the Petitioner's §2254 petition on substantive or procedural grounds, nor find that the issues are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Respectfully submitted this 2nd day of April, 2020.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).